# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDA L. BERKLEY,
          Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
          Agency.

DOCKET NUMBER
PH-1221-14-0539-W-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darrin W. Gibbons</u>, Esquire, Richmond, Virginia, for the appellant.

<u>Anastasiya Sidorova</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction and also dismissed her claim of an involuntary retirement for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review, and we DENY the petition for review. The administrative judge's initial decision, as supplemented by this Final Order with regard to the jurisdictional dismissal of the involuntary retirement claim, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a former Financial Management Specialist with the Federal Highway Administration, submitted an application for retirement effective October 31, 2013. Initial Appeal File (IAF), Tab 1, Subtab 8. After retiring from federal service, the appellant filed a complaint with the Office of Special Counsel (OSC) challenging several agency actions on the basis of whistleblower reprisal. IAF, Tab 14 at 25-34. OSC issued the appellant a close-out letter on January 15, 2014, and the appellant thereafter filed a timely IRA appeal with the Board. IAF, Tab 1 & Subtab 5 (OSC close-out letter). After holding several status conferences with the parties in an effort to define the issues presented, and after issuing several jurisdictional orders explaining the appellant's various burdens to establish the Board's jurisdiction over her potential claims, the administrative judge issued an initial decision dismissing her appeal for lack of jurisdiction.

IAF, Tab 30, Initial Decision (ID).  Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that she also failed to nonfrivolously allege that she engaged in a protected activity under 5 U.S.C. § 2302(b)(9).  ID at 5-6.  The administrative judge further concluded that the appellant failed to exhaust her claim of reprisal based on her filing a complaint with the agency's Office of Inspector General (OIG), ID at 6, and he also determined that the appellant failed to nonfrivolously allege that she was forced to retire based upon alleged intolerable working conditions which left her no choice but to leave federal service involuntarily, ID at 7-8.

¶3    The appellant has filed a petition for review challenging the administrative judge's jurisdictional dismissal of her claim of an involuntary retirement.[2]  Petition for Review (PFR) File, Tab 1 at 4-6.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

The administrative judge properly dismissed the appellant's IRA appeal for lack of jurisdiction.

¶4    The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies with OSC and makes nonfrivolous allegations that: (1) she made a disclosure under 5 U.S.C. § 2302(b)(8), or engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *See* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *see also Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal.  *Carney v. Department of Veterans*

---

[2] The appellant has not specifically challenged any of the administrative judge's findings as to the jurisdictional dismissal of her IRA appeal on review.  *See* PFR File, Tab 1 at 4-6.  As explained below, we have reviewed the initial decision and concur with the dismissal of the IRA appeal for lack of jurisdiction.

*Affairs*, [121 M.S.P.R. 446](), ¶ 11 (2014).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may not weigh evidence or resolve conflicting assertions of the parties.  *Id*.

¶5        In response to the administrative judge's jurisdictional orders concerning her IRA appeal, the appellant alleged that she contacted an agency equal employment opportunity (EEO) counselor in April 2013, to file a complaint of discrimination in which she disclosed retaliation and harassment based on, inter alia, the agency's overburdening her with work and placing her on a performance improvement plan (PIP).  IAF, Tab 14.  After considering the appellant's allegations, the administrative judge gave the parties an additional opportunity to brief the issue of whether a complaint of discrimination could serve as a protected disclosure under section 2302(b)(8).  IAF, Tab 20.  In response, the appellant argued that her IRA appeal "is not based upon a discrimination complaint, but rather [] is based upon reprisal related to the filing of a previous discrimination complaint."  IAF, Tab 21.

¶6        We agree with the administrative judge that the appellant failed to nonfrivolously allege facts which could establish the Board's jurisdiction over her IRA appeal.  The Board has found that allegations that are limited to EEO matters covered under [5 U.S.C. § 2302](b)(1) and (b)(9) are excluded from coverage under section 2302(b)(8).  *See Applewhite v. Equal Employment Opportunity Commission*, [94 M.S.P.R. 300](), ¶ 23 (2003).  Thus, to the extent that the appellant sought to predicate her IRA appeal on her disclosure of EEO matters, the administrative judge properly found that a complaint of discrimination is not a protected disclosure under 2302(b)(8).[3]  *See Parikh v. Department of Veterans Affairs*, [110 M.S.P.R. 295](), ¶ 24 (2008).

---

[3] We agree with the administrative judge that the changes enacted by the Whistleblower Protection Enhancement Act of 2012 (WPEA) do not change this result.  ID at 5.

¶7       We further concur with the administrative judge that the appellant's allegation of reprisal under section 2302(b)(9) based on her filing a prior EEO complaint of discrimination does not establish the Board's jurisdiction in an IRA appeal. *See* ID at 5. Pursuant to the WPEA, an employee may now seek corrective action in an IRA appeal for any personnel action taken as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 6 (2014); *see also* 5 U.S.C. § 1221(a). Reprisal for filing a  prior EEO complaint, however, is not included among this listing of prohibited personnel practices which can form the basis of an IRA appeal; rather, this prohibition is contained within 5 U.S.C. § 2302(b)(9)(A)(ii), and it does not provide a basis for establishing the Board's jurisdiction over an IRA appeal. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). The administrative judge properly found that the appellant's allegations of EEO reprisal fail to nonfrivolously establish the Board's jurisdiction over an IRA appeal. *Id*.

¶8       Finally, we find no reason to differ with the administrative judge's conclusion that the appellant failed to exhaust her alleged protected disclosure made to the OIG. ID at 6. The Board has consistently held that it may only consider the specific allegations of reprisal which have been presented to OSC, and the appellant has presented no evidence that she exhausted this claim with OSC.[4] *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, 37 (2004). We accordingly AFFIRM the jurisdictional dismissal of the appellant's IRA appeal.

The administrative judge properly dismissed the appellant's involuntary retirement claim for lack of jurisdiction.

¶9       Upon reviewing the appellant's responses to his jurisdictional orders, the administrative judge found that the appellant also was alleging that she was forced to retire, and he issued a separate jurisdictional order outlining the

---

[4] The appellant conceded below that she did not present this disclosure to OSC and that it was unexhausted. ID at 6.

appellant's burden of establishing the Board's jurisdiction over an involuntary retirement.[5]  IAF, Tab 28.  In response, the appellant alleged that she was subjected to harassment, including disparaging comments, verbal altercations with coworkers and supervisors, and threatened disciplinary actions, and that she was subsequently placed on a 90-day PIP (which triggered the cancellation of her eligibility to telework), at the end of which the agency proposed her removal for unacceptable performance under chapter 43.  IAF, Tab 29.  In support of these allegations, the appellant submitted an affidavit statement and an email exchange between several supervisory-level employees.  *Id*. at 6-10.  The administrative judge found that the appellant failed to nonfrivolously allege that, based on these working conditions, she had no choice but to retire.  ID at 7-8.  We have carefully reviewed the administrative judge's initial decision and the appellant's arguments presented below, and, for the reasons that follow, we too conclude that the appellant has failed to establish that the agency coerced her into retiring "by creating working conditions so intolerable for the employee that he or she is driven to involuntarily resign or retire."  *See Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001).  The administrative judge's

---

[5] The appellant's involuntary retirement was among the personnel actions the appellant sought to challenge in her IRA appeal.  *See* IAF, Tab 14 at 30, 34.  The Board has held that an appellant can challenge a constructive adverse action in an IRA appeal.  *See Colbert*, 121 M.S.P.R. 677, ¶ 12.  Generally, an employee can only elect to pursue a remedy for a prohibited personnel practice through one of the following mechanisms: a direct appeal to the Board under 5 U.S.C. § 7701; a grievance under the provisions of a negotiated grievance procedure; or a complaint seeking corrective action from OSC.  *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  Whichever remedy is sought first by an aggrieved employee is deemed an election of that procedure and precludes pursing the matter in either of the other two forums.  *Id*.  Here, the appellant filed a complaint with OSC prior to filing her Board appeal; it appears, however, that the agency did not give the appellant notice of her procedural options for electing a remedy under 5 U.S.C. § 7121(g).  Under these circumstances, the Board has found that an employee's election is not knowing and informed and thus not binding.  *Id*. (citing *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 14, 17 (2013)).  We find that the appellant's filing of a complaint with OSC did not preclude the administrative judge from considering whether the appellant could separately establish jurisdiction over her alleged involuntary retirement under chapter 75.

initial decision dismissing the appellant's claim of an involuntary retirement, as supplemented by the following analysis, is AFFIRMED.

¶10    An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside of the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or show that a reasonable person would have been misled by the agency. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). To establish the involuntary nature of an action based on coercion, an appellant must show that:  (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Shoaf*, 260 F.3d at 1341.  The Federal Circuit has held that "[t]he doctrine of involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard."  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).    The test for demonstrating involuntariness is objective, i.e., whether a reasonable employee confronted with the same circumstances would feel coerced into resigning or retiring. *Id.*; *see Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 5 (2009).  In making this determination, the Board must consider the totality of the circumstances surrounding the employee's decision, including "events not immediately preceding the leave of employ" which may provide "context for an analysis of the events temporally close to the employee's retirement."  *Shoaf*, 260 F.3d at 1342; *see Searcy*, 114 M.S.P.R. 281, ¶ 12 (the touchstone of voluntariness is whether, considering the totality of the circumstances, the employee was deprived of freedom of choice).

¶11    We have reviewed the appellant's arguments concerning the alleged intolerable working conditions which caused her to retire, and we concur with the administrative judge that a reasonable person in the appellant's position would not have felt compelled to retire under these circumstances.  ID at 6-7.  At the

outset, we note that the appellant's retirement followed both her placement on a 90-day PIP and the agency's issuing her a notice of proposed removal based upon her unacceptable performance under chapter 43.[6] *See* IAF, Tab 1. Because these events are temporally closest to the appellant's decision to retire, we find that they are the most probative in determining whether the agency forced her to retire. *See Shoaf*, 260 F.3d at 1342 (the most probative evidence of involuntariness is usually that which is closest to the challenged action). In response to the administrative judge's jurisdictional order, however, the appellant offered no argument explaining why a reasonable person faced with these circumstances would have felt compelled to leave federal service; instead, the appellant only alleged that her work had never been subjected to a high level of scrutiny in the past and that she was harassed about the quality of each work item submitted. IAF, Tab 29 at 5. In order to sustain a performance-based action under chapter 43, however, an agency must demonstrate by substantial evidence that, at a minimum, it provided the appellant with the information needed for her to perform at the level needed to avoid a performance-based action. *See Henderson v. National Aeronautics & Space Administration*, 116 M.S.P.R. 96, ¶ 22 (2011) (an agency must inform an employee of what is needed to avoid performance-based action before taking an action under chapter 43). The employee's opportunity to improve her performance based on this feedback is a substantive right under 5 U.S.C. chapter 43. *See Betters v. Federal Emergency Management Agency*, 57 M.S.P.R. 405, 408 (1993). We find no basis in the record to conclude that the agency's compliance with the substantive requirements needed to sustain a performance-based action under chapter 43 coerced the appellant to retire.

¶12      An appellant's placement on a PIP and the issuance of a notice of proposed removal, under certain circumstances, could separately constitute "improper acts

---

[6] The appellant retired prior to the agency issuing a final decision on her proposed removal.

by the agency" which coerced an appellant into retirement. *Conforto*, 713 F.3d at 1122; *Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988) (if an employee can show that the reasons for a proposed adverse action cannot be substantiated, the proposed action would be coercive). The administrative judge, however, specifically apprised the appellant of this possibility in his jurisdictional order, and the appellant offered no argument in response which could demonstrate that the agency knew or should have known that it could not sustain its proposed removal under chapter 43. *See* IAF, Tabs 28 (jurisdictional order), 29 (appellant's response); *see also Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 10 (2010) (the granting of a within-grade increase could demonstrate that the appellant's performance was acceptable, and it entitled the appellant to a jurisdictional hearing on whether the agency knew or should have known that it could not substantiate a proposed chapter 43 removal covering the same period of time). We find, moreover, that the appellant failed to nonfrivolously allege that the agency wrongly placed her on a PIP, and we are not persuaded by her argument that her work product was subjected to a high level of scrutiny thus demonstrating intolerable working conditions which forced her to retire. *See* IAF, Tab 29 at 5. We therefore find that the appellant failed to nonfrivolously allege either that the agency's actions immediately prior to her retirement were so intolerable that a reasonable person in her position would have felt compelled to resign or that the agency knew it could not substantiate its proposed removal under chapter 43.

¶13     We also have considered the other evidence cited by the appellant in her response to the jurisdictional order and we find that it fails to demonstrate that the agency subjected her to intolerable working conditions which left her no choice but to retire. *See* IAF, Tab 29 at 4. Specifically, the appellant argued that several colleagues made inappropriate comments about her weight loss due to her medical condition. *Id.* From the evidence submitted, however, it appears these comments were isolated and that they occurred more than 6 months prior to the

appellant's decision to retire. *Id*. (citing a February 2013 email which summarized the appellant's complaints about prior comments; the appellant retired in October 2013). Furthermore, the appellant did not allege that any other rude or intolerant comments or behavior were directed toward her after February 2013, and we accord this evidence of intolerant behavior less probative weight in determining that the appellant failed to nonfrivolously allege that she had no other choice but to retire in October 2013.[7] *See Shoaf*, 260 F.3d at 1343 (the Board has the discretion to determine the evidentiary weight of events temporally further from the employee's resignation); *see also* IAF, Tab 29 at 4.

¶14    Lastly, we have considered the appellant's assertion that a supervisory official instructed her that she "can't threaten [her] [immediate] supervisor with filing an EEO complaint" and that this same official shortly thereafter "followed through on his stated intention to take action against the appellant if she ever filed an EEO complaint." *Id*. at 4-5. We find the manner in which the appellant's representative has presented this excerpt materially misleads the reader. The full statement, which is taken from the same February 2013 email discussed above, is as follows:

> I explained to her [the appellant] that you can't threaten your supervisor with filing an EEO complaint, or say that "I'm not your slave, those days are over" *and not expect her to do her duty and give you the information so you can pursue an EEO if that's your decision*.

*Id*. at 9 (emphasis added). Thus, contrary to the appellant's insinuation, the supervisor did not instruct the appellant to refrain from exercising her EEO rights but rather explained that, *if* the appellant threatened to file an EEO complaint,

---

[7] We emphasize that the February 2013 email only summarized past comments—they were not directed toward the appellant at this time—and it is not clear from the record when these comments were actually made, thus further reducing their probative value. *See Searcy*, 114 M.S.P.R. 281, ¶ 13 (finding a 5-month lapse between comments and an employee's subsequent resignation undercut the assertion of intolerable working conditions which caused the employee to resign).

*then* it would be reasonable for the supervisor to provide the appellant with notice of how to file such a complaint.[8]   *Id*.   We find this statement fails to nonfrivolously allege that the appellant was subjected to such intolerable working conditions that she was left with no choice but to retire.

¶15      For the aforementioned reasons, the administrative judge's jurisdictional dismissal of the involuntary retirement claim, as supplemented by this Final Order, is AFFIRMED, and the appellant's petition for review is DENIED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

---

[8] In a separate paragraph, the same supervisor suggested that if the appellant were to threaten her immediate supervisor "again with an EEO complaint, that we look at it as misconduct and take appropriate action to that end."  IAF, Tab 29 at 9.  There is no evidence in the record that this statement was conveyed to the appellant prior to her decision to retire, and we have no reason to find that it could have forced the appellant to conclude that she had no choice but to retire in October 2013.  This statement, moreover, was made in February 2013, and the agency did not propose the appellant's removal until late-September 2013, over 7 months later.  This lapse in time also undermines the probative value of the statement, and we accord it less weight.  *See Searcy*, 114 M.S.P.R. 281, ¶ 13.

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.